529 P.2d 1195

Elbert H. **CLARK**, Jr., a minor, Elbert H. Clark and M. Teresita Clark, husband and wife, and Jeffrey E. Niemi, a minor by his guardian Arthur M. Niemi, Appellants,

v.

**ALLSTATE INSURANCE COMPANY**, Appellee.

No. 2 CA–CIV 1693.

Court of Appeals of Arizona, Division 2.

Jan. 8, 1975.

Rehearing Denied Feb. 7, 1975.

Review Denied March 11, 1975.

Rees, Mercaldo & Smith, P. C. by Paul G. Rees, Jr., Tucson, for appellants.

John L. Claborne, Springerville, for appellee.

## OPINION

HATHAWAY, Judge.

Appellants challenge the granting of summary judgment in favor of appellee which found that an exclusion clause of a homeowner's liability insurance policy was applicable in this situation. The summary judgment was properly granted and we affirm.

On August 20, 1968, in the parking lot of a Tucson restaurant, appellant Elbert H. Clark, Jr., a high school student, struck appellant Jeffrey E. Niemi, another high school student, whom he did not know. Clark tapped Niemi on the back and as he turned, Niemi was struck by Clark once in the face. Although Clark stated he did not intend to hurt Niemi, he admitted he did intend to hit him in the face with a short jab. The blow struck Niemi's right cheekbone in such a way as to crush it, requiring hospitalization and surgical repair. A lawsuit was filed for Niemi by his father as guardian. Thereafter, appellee Allstate Insurance Company filed a suit for declaratory judgment alleging it had issued a homeowner's policy insuring the Clark family and alleging that said policy did not apply to, or insure against, liability caused by injuries received by third persons as a result of an intentional or wilful act of the insured. After Allstate sued for a declaration of non-coverage, cross motions for summary judgment were filed and eventually Allstate's motion was granted.

The exclusion for intentional injury under the Allstate policy in question reads as follows:

"3. Under Division 1 and 2 of Coverage X, and Coverage Y, to bodily injury or injury to or destruction of property caused feloniously or intentionally by or at the direction of an Insured; . . ."

Appellants rely on the case of Vanguard Insurance Company v. Cantrell, 18 Ariz. App. 486, 503 P.2d 962 (1972). Such reliance is misplaced. In *Vanguard*, an armed robber fired a gun to scare a liquor store clerk. The bullet hit Cantrell in the eye causing serious injury. By its very facts, then, *Vanguard* is distinguishable. The robber never intended to shoot Cantrell. If he had, by virtue of the rule of law which works in such a situation, he would have been deemed to have intended the ordinary consequences of his voluntary actions. Vanguard, supra. It was admitted by the minor appellant that he did intend to strike appellant Niemi. As we said in *Vanguard*, an act may be so certain to cause a particular harm that it can be said that a person who performed such an act intended the harm. The term "expected" has been construed by other courts, as cited in *Vanguard*, to mean a high degree of certainty. Aetna Casualty & Surety Company v. Martin Bros. Container and Timber Products Corp., 256 F.Supp. 145 (D.C. Or.1966). Isbrandtsen Company v. Lyncroft Grain Corporation, 8 Misc.2d 521, 166 N.Y.S.2d 721 (1957); Reed v. Philadelphia Transp. Co., 171 Pa.Super. 60, 90 A.2d 371 (1952).

We find it unnecessary to proceed any further as to appellants' remaining arguments. The contention of young Clark that he did not intend to injure Niemi does not make the question of intention an issue of material fact which must go to the trier of fact. Perhaps if Clark maintained that striking Niemi was an accident, and that the blow itself was unintentional, summary judgment would be improper due to the dispute over a material fact. However, the act of striking another in the face is one which we recognize as an act so certain to cause a particular kind of harm that we can say a person who performed the act intended the resulting harm, and his statement to the contrary does nothing to refute that rule of law.

The fact that a state of mind is involved does not make summary judgment inappropriate. Reidy v. Almich, 4 Ariz. App. 144, 418 P.2d 390 (1965); Klahr v. Winterble, 4 Ariz.App. 158, 418 P.2d 404 (1966). The injuries to Niemi, then, were

a result of intentional action by appellant Clark and, under the policy, coverage is expressly negated.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.