548 P.2d 934 (1976)
Roland E. BUTLER, II, Plaintiff-Appellant,
v.
A. J. BEHAEGHE, Defendant and Third-Party Plaintiff,
v.
SAFECO INSURANCE COMPANY OF AMERICA, Third-Party Defendant-Appellee.
No. 75-207.
Colorado Court of Appeals, Div. II.
January 8, 1976.
Rehearing Denied February 19, 1976.
Certiorari Denied April 19, 1976.
*935 Bruno, Bruno & Bruno, Frank A. Bruno, David J. Bruno, Denver, for plaintiff-appellant.
Yegge, Hall & Evans, Eugene O. Daniels, Denver, for third-party defendant-appellee.
Selected for Official Publication.
COYTE, Judge.
Plaintiff-appellant, Roland E. Butler II, appeals from the dismissal of a consolidated action on a writ of garnishment and a third-party complaint against third-party defendant-appellee, Safeco Insurance Company of America (Safeco). We affirm.
The garnishment action was filed pursuant to C.R.C.P. 103 in an attempt by plaintiff to obtain satisfaction on a judgment entered upon a jury verdict against A. J. Behaeghe in a civil suit for assault and battery. Behaeghe, at the time of the assault, was the insured under a homeowner's policy issued by Safeco covering his "private residence" and affording comprehensive personal liability insurance on the use of the home. The policy obligated the company to pay on behalf of the insured "all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . to which this insurance applies, caused by an occurrence." (emphasis supplied) "Occurrence" is defined in the policy to be "an accident, including exposure to conditions. . . which results in bodily injury. . ." The policy further provided that it was the duty of the company to defend "any suit against the insured seeking damages on account of such bodily injury"; however, Safeco reserved the right to make an investigation of the occurrence and to settle any claim or suit as it deemed expedient. Also contained within the policy was an exclusionary clause which stated in pertinent part:
"This policy does not apply to bodily injury. . . which is either expected or intended from the standpoint of the insured." (emphasis supplied)
Behaeghe's third-party complaint against Safeco was premised on the company's refusal to defend Behaeghe in the civil suit or settle the claim.
Thus, the single issue dispositive of all claims against Safeco is whether the bodily injury suffered by plaintiff as a result of the acts of the insured, Behaeghe, is properly *936 excluded from coverage under the policy. In the language of the exclusion: Was the bodily injury resulting from Behaeghe's assault on plaintiff "either expected or intended" from Behaeghe's standpoint?
The circumstances of the assault are as follows: Plaintiff Butler and defendant Behaeghe, on July 3, 1972, were neighbors, living across the street from each other. Both had teenage sons. On that evening, plaintiff's son and several neighborhood youngsters were setting off "fireworks," some of which landed on the lawn of defendant's property. Defendant's son objected to the situation and a violent argument developed which eventuated in a fistfight between the two boys on the driveway of defendant's property. In response to the commotion, plaintiff proceeded across the street to defendant's property in order to disengage the combatants. Defendant insisted that the fight be permitted to continue and ordered plaintiff to leave the property. Plaintiff refused, whereupon defendant procured a length of steel pipe, again ordered plaintiff to, "Get off my property," and then struck plaintiff a single blow to the head. As a result of that blow, plaintiff suffered a fractured skull and permanent impairment of his eyesight.
Plaintiff thereafter filed suit alleging in his pleadings that defendant did "without provocation, wrongfully, unlawfully, wilfully, maliciously, and intentionally assault, beat, batter, bruise and otherwise attack him" (emphasis supplied) with his "hand, fists, and a section of metal pipe." He further alleged that defendant "was guilty of malice and insult in total disregard of plaintiff's rights and feelings," contrary to and in violation of C.R.S. 1963, 41-2-2 (now § 13-21-102, C.R.S. 1973), and therefore prayed for an award of exemplary damages in the amount of $3500. Defendant Behaeghe filed a third-party complaint against Safeco alleging that he had served a proper notice upon the company in accordance with the terms of the policy, but that Safeco refused to defend him. In answer thereto, Safeco alleged as an affirmative defense that:
"The policy of insurance issued by the third-party Defendant to A. J. Behaeghe does not afford protection against a judgment for damages as set forth in the allegations of the plaintiff's complaint." (emphasis supplied)
The third-party complaint was severed prior to the trial on the assault and battery claim. At trial, defendant claimed that he struck the plaintiff in a reasonable exercise of his privilege of self-defense and in an effort to defend and protect his property from trespassers. Instructions to that effect were given to the jury as well as an instruction that defendant was not liable to plaintiff if he honestly and reasonably believed that he had to use force to defend his person and providing he employed no more force than a reasonably prudent person would have under the same or similar circumstances. Additional instructions were given relating to the circumstances in which use of deadly force is permissible and in which force may be used to defend real property. Appropriate instructions on exemplary damages were given. An instruction, tendered by defendant, suggesting a theory that he had acted negligently in the use of excessive force was refused by the court as unsupported by the evidence.
The jury found in favor of plaintiff and assessed his actual damages at $167,150 to which they added an award of exemplary damages in the sum of $10,000 ($6,500 in excess of the sum prayed for in the pleadings). Defendant failed to perfect a timely appeal from the judgment entered; consequently, that judgment is final as to defendant.
Subsequently, plaintiff filed his writ of garnishment and a copy was served on third-party defendant-garnishee Safeco. Safeco answered the writ denying any obligation to Behaeghe and plaintiff traversed the answer.
*937 In its determination of the issues raised by the writ of garnishment and the third-party complaint, the court took judicial notice of the record in the assault trial and determined that: (1) Defendant intended to strike plaintiff in the abdomen with a piece of steel pipe, that the plaintiff "ducked," and the blow struck him on the head, causing serious injury; (2) no facts or circumstances were present which would have led the defendant to a reasonable belief that the blow was necessary to defend either himself or a member of his family; (3) the assertion of an affirmative defense in the answer to the third-party complaint, while not specifically mentioning the exclusionary clause, is sufficient to bring the issue before the court; (4) "injury is either expected or intended from the standpoint of the insured," within the meaning of this policy of insurance, when the insured acts with specific intent to cause some harm to the person injured, whether the actual injury inflicted is of the same type and degree as that intended or not; and (5) where, as here, defendant's actions were intentional and of such a nature that they were intended to cause harm to the plaintiff, the defendant will be held to have intended the natural and probable consequences thereof, including any and all injuries suffered by the plaintiff. The court therefore determined that Safeco could properly conclude that it had no duty to defend Behaeghe in the assault action and that accordingly, since plaintiff's injuries were excluded from coverage under the policy of insurance, both the third-party complaint and the writ of garnishment must be dismissed.

I.
As his initial ground of error, plaintiff contends that Safeco's answer to the writ of garnishment failed to plead with sufficient specificity the defense of the exclusionary clause of the insurance policy. We disagree.
In Great American Insurance Co. v. Ferndale Development Co., Inc., Colo., 523 P.2d 979, the court interpreted the effect of C.R.C.P. 8(c) when read in conjunction with C.R.C.P. 15(b). The rule established by that decision is that when an issue is tried before a court without timely objection or motion, the issue shall be deemed properly before the court despite any defect in the pleading. In that case no policy exclusion was specifically pleaded in an action on the policy, but the record affirmatively demonstrated implied consent by the parties to litigate the issue and counsel argued the applicability of the exclusion; hence, the exclusion was held to be properly before the court.
Here, Safeco's answers to the writ of garnishment alleged that it was not indebted to the judgment debtor for either wages, commissions, monies, or credits. The reason advanced by Safeco for the lack of indebtedness was that there was no contractual obligation between the judgment debtor and Safeco, and that therefore at the time of service it had none of his property and no money was due and owing to him. While Safeco presented no evidence, in closing argument the attorney for Safeco specifically relied on the exclusion in the policy and cited cases interpreting similar exclusionary clauses. The file and judgment in the civil action, of which the court took judicial notice, provided sufficient evidence upon which both the answer to the third-party complaint and the answer to the writ of garnishment could be grounded. Hence, under the rule of Great American, we agree with the trial court that the issue of the exclusionary clause was properly before the court.

II.
Plaintiff, in his second allegation of error, refers to the post-trial admissions and the testimony of defendant Behaeghe as a basis for finding, contrary to the court's decision, that the acts of Behaeghe did not fall within the exclusionary clause and that therefore third-party defendant Safeco was obligated to defend Behaeghe in the civil *938 suit and was liable for indemnity on the judgment rendered against him.
The specific statements of Behaeghe upon which plaintiff relies are that he swung the section of lead pipe at plaintiff's stomach and that plaintiff was hit on the head accidentally when he ducked. These statements advance Behaeghe's theory that his act was a "gut reaction" performed in self defense of his person and property, and if that theory were accepted, the resulting injury could arguably be determined as not having been "intended or expected" by Behaeghe. However, the issue of whether defendant intended to strike plaintiff with the pipe was fully and fairly litigated in the assault action, and Safeco may assert the result of that litigation against both plaintiff and defendant. See Murphy v. Northern Colorado Grain Co., 30 Colo.App. 21, 488 P.2d 103; See also Pomeroy v. Waitkus, 183 Colo. 344, 517 P.2d 396. Consequently, the post-trial admissions of Behaeghe and his testimony at the trial on the garnishment action and the third-party complaint cannot now negate the jury's resolution of this issue in the assault trial.

III.
Finally, plaintiff argues that even if the judgment in the prior case conclusively established that Behaeghe's act was intentional, under modern authority, the exclusionary clause is still inapplicable. In support of his position plaintiff focuses on the phrase in the exclusionary clause which excludes coverage for "bodily injury. . . which is either expected or intended from the standpoint of the insured." (emphasis supplied) He contends that modern authority requires that, for the exclusion to be applicable, the insured must intend or expect to produce the specific damage which in fact did occur. Following plaintiff's analysis, Safeco would not be relieved of the obligation to defend or liability on the judgment merely because there is proof of an intended act, blow, or assault; the injury resulting from the intended act, blow, or assault must also have been intended by the actor. We reject this analysis as logically untenable and unsupported by recent authority.
Plaintiff relies heavily on the case of Vanguard Insurance Co. v. Cantrell, 18 Ariz.App. 486, 503 P.2d 962. However, neither that decision nor the more recent decision in Clark v. Allstate Insurance Co., 22 Ariz.App. 601, 529 P.2d 1195, are supportive of plaintiff's position. In Cantrell, homeowner's coverage was not excluded where the insured, while retreating from a liquor store robbery he had perpetrated, fired a shot with the intent of merely frightening the store clerk. In Clark, coverage was excluded where defendant admitted that he had intended to strike plaintiff, but claimed he had not intended to hurt him. Thus, the rule implicit in both these decisions may be stated as follows: Where coverage is excluded if bodily injury is "intended or expected" by the insured, such exclusion is inapplicable if and only if the insured acts without any intent or any expectation of causing any injury, however slight. And conversely, such exclusion is applicable if the insured acts with the intent or expectation that bodily injury will result even though the bodily injury that does result is different either in character or magnitude from the injury that was intended.
Other cases relied upon by plaintiff turn on the same distinction and provide coverage only where no actual physical harm was intended. Morrill v. Gallagher, 370 Mich. 578, 122 N.W.2d 687, (plaintiff injured when insured threw a lighted firecracker into a room where plaintiff was working, in order to frighten him); Eisenman v. Hornberger, 438 Pa. 46, 264 A.2d 673, (a fire developed when thieves broke into plaintiffs' home while they were out of town and provided themselves with *939 light by striking matches which they let fall to the floor without intent to cause property damage); and Lumbermens Mutual Insurance Co. v. Blackburn, 477 P.2d 62 (Okl.), (the exclusionary clause was inapplicable where insured threw a rock intentionally but without intent to cause harm to the plaintiff).
The rule is well stated in State Farm & Casualty Co. v. Muth, 190 Neb. 248, 207 N.W.2d 364. In that case the court was called upon to interpret an exclusionary clause couched in the same language as the Safeco policy. The court stated:
"We hold . . . that, under the language of the exclusion in question,an injury is either expected or intended if the insured acted with the specific intent to cause harm to a third party. It seems to us to be immaterial whether the injury which results was specifically intended, i. e., the exclusion would apply even though the injury is different from that intended or anticipated." (emphasis supplied)
We adopt the reasoning and rule of the Nebraska and Arizona courts and hold that in the instant case, since Behaeghe was found to have intentionally struck the plaintiff, he must be deemed to have intended the ordinary consequences of his voluntary actions. Consequently, since some injury was intended, it is immaterial that the particular injury that resulted was not specifically intended.
We have examined plaintiff-appellant's other grounds of error and find them to be without merit. The court properly ruled that the exclusion was applicable, and thus the dismissal of the writ of garnishment and the third-party complaint was appropriate.
Judgment affirmed.
SILVERSTEIN, C. J., and STERNBERG, J., concur.