575 P.2d 1282

**HANSON'S, INC., a corporation, Appellant,**

v.

**GREAT SOUTHWEST FIRE INSURANCE COMPANY, an Arizona Corporation, Appellee.**

**No. 2 CA–CIV 2614.**

Court of Appeals of Arizona, Division 2.

Feb. 23, 1978.

Albert M. Goldberg, Phoenix, for appellant.

Sorenson, Esser & Moore by George R. Sorenson, Phoenix, for appellee.

## OPINION

RICHMOND, Chief Judge.

This is an appeal from a summary judgment in favor of Great Southwest Fire Insurance Company (Great Southwest) involving interpretation of "installation floater coverage" in a policy of insurance issued to Hanson's Inc. The matter was submitted to the trial court on stipulated facts.

Hanson is engaged in the business of selling and installing plumbing supplies and water pumps. In 1973 Great Southwest issued to Hanson a policy of insurance providing "installation floater coverage." The property to be insured is described in the policy as follows:

This policy covers: MACHINERY AND EQUIPMENT CONSISTING PRINCIPALLY OF WATER PUMPS AND PLUMBING SUPPLIES, including cost of installation while,

(a) In transit to and from premises or site of intended installation.

(b) On premises or site of installation awaiting and during installation.

(c) Testing of installed machinery and equipment.

On or about September 5, 1974, Hanson leased a backhoe from a third party for use in installing a pump sold by Hanson to one of its customers. The backhoe later was stolen from the job site, and an action against Hanson for its value was commenced. Hanson joined Great Southwest as a third-party defendant, alleging that the loss was covered by the installation floater policy. By agreement, each party to this appeal contributed equally to a settlement of the plaintiff's claim and the complaint was dismissed, with the prevailing party in the third-party action to be reimbursed by the other. The trial court found that the policy did not cover the backhoe and entered judgment in favor of Great Southwest for the amount of its contribution.

Hanson argues that the language of the policy either affords coverage for loss of the backhoe as equipment used for installation of irrigation pipe, or is ambiguous and thus must be construed in favor of coverage.

In support of its first contention Hanson relies exclusively on language in *C. H. Leavell & Co. v. Fireman's Fund Insurance Co.*, 372 F.2d 784 (9th Cir. 1967), construing an exclusion in an "all risks" policy. The reliance is misplaced. It is true that the policy in the instant case states that it "insures against all risks of direct physical loss or of damage to the insured property . . . ." but the issue here is whether the backhoe fits the definition of "insured property." If so, Great Southwest has never contended that its loss was an excluded risk.

The contention of ambiguity presents a more difficult question. It is well settled that where there is more than one possible construction of the provisions in an insurance contract, it is to be construed most strongly against the insurer who prepared it and in favor of the insured. *Federal Insurance Company v. P.A.T. Homes, Inc.*, 113 Ariz. 136, 547 P.2d 1050 (1976). In order to afford coverage, however, the policy language must be reasonably susceptible to such a construction.

Great Southwest argues that an installation floater is a unique type of insurance of limited scope, designed to provide coverage to a seller for specific equipment, machinery and supplies while in transit to a site of installation, during installation, and until the buyer accepts them as installed. As authority it cites several insurance treatises but no judicial interpretation of its policy language. Certainly the tenor of the language is consistent with the limited purpose it describes.

■ The meaning of the language must be viewed from the standpoint of the average layman who is untrained in either the law or insurance. *Federal Insurance Company v. P.A.T. Homes, Inc.,* supra. Subparagraph (b) under which Hanson asserts coverage is not reasonably susceptible to such an interpretation. It clearly refers to machinery and equipment to be installed. Subparagraph (a) affording coverage for machinery and equipment while "[i]n transit to and from" the installation site applies not only to delivery but also to removal for repair and return, and subparagraph (c) covers the period of testing *installed* machinery and equipment. We do not believe a reasonable person, even though unfamiliar with insurance industry standards, could infer from the policy language that coverage was intended for *any* machinery and equipment merely because it was used in installation. Although a few added words of limitation or exclusion might have rendered it more certain, we find the policy unsusceptible to the construction urged by Hanson.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.