589 P.2d 911

**Howard STEINMETZ, Appellant,**

v.

**NATIONAL AMERICAN INSURANCE COMPANY, Appellee.**

No. 1 CA–CIV 3764.

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 21, 1978.

Rehearing Denied Jan. 16, 1979.

Review Denied Jan. 30, 1979.

Hofmann, Salcito & Stevens, P. A. by Leroy W. Hofmann, Phoenix, for appellant.

Lewis & Roca by Thomas C. Horne, John P. Frank, Anthony R. Lucia, Phoenix, for appellee.

## OPINION

JACOBSON, Presiding Judge.

The sole issue raised by this appeal is whether the trial court properly determined that the only jury issue in this declaratory judgment action was the intentional nature of the act of the insured as compared to the intention of the insured to injure.

This litigation was instituted by appellee, National American Insurance Company (National American), against its insured William Currie and appellant Howard Steinmetz to determine its liability coverage for an alleged tort committed by Currie against Steinmetz. Based upon a jury verdict, the trial court entered judgment in favor of National American, determining that its homeowners policy did not afford liability coverage for the incident involved. Steinmetz has appealed.

The facts are relatively simple. On the evening of December 9, 1973, at the Disabled American Veterans' Hall, Currie punched Steinmetz in the face, causing serious injuries. Currie alleged the provocation for the blow was that Steinmetz was calling Currie a liar and a thief. Steinmetz subsequently sued Currie. At the time of the incident, Currie held a homeowners policy issued by National American. This policy provided that it would not apply:

"to bodily injury or property damage which is either expected or intended from the standpoint of the Insured."

At time of trial, the trial court excluded any evidence as to Currie's subjective intent to do injury to Steinmetz and instructed the jury as follows:

"Ladies and gentlemen of the jury, as stated before, the sole issue for you to decide is whether the Defendant, Mr. Currie, intentionally struck Mr. Steinmetz in the face.

\* \* \* \* \* \*

"The question of interpreting the language of the insurance policy is a matter of law, for me to rule upon, and you are not to concern yourself with the language of the policy. I have instructed you to determine the fact of whether Mr. Currie intentionally struck Mr. Steinmetz.

In determining the issue of Mr. Currie's intention you are instructed that an intentional act is a voluntary act directed by a person who understands what he is doing, and comprehends the nature and consequences of his act.

"You are not to consider whether Mr. Currie intended to injure Mr. Steinmetz, but only whether he intended to strike him."

The basic theory in Steinmetz' case was embodied in the following requested instruction, which was refused by the trial court:

"I instruct you that unless you find that the defendant William Henry Currie acted on September 2, 1973 with the specific intention of causing the bodily injuries which were sustained by the Defendant Howard Steinmetz, then the injury to Howard Steinmetz was not 'expected or intended by Currie' as defined by the National American policy, and your verdict must be in favor of the Defendants and against the Plaintiff."

The question thus resolves itself into a determination of whether the exclusionary language of the policy applies to intended acts (i. e., the punch in the nose), or only to intended injuries (i. e., the serious consequences of the punch).

Two Arizona Court of Appeals decisions have touched on this issue, both from Division 2 of this court, *Clark v. Allstate Insurance Co.*, 22 Ariz.App. 601, 529 P.2d 1195 (1975) and *Vanguard Insurance Co. v. Cantrell*, 18 Ariz.App. 486, 503 P.2d 962 (1972).[1]

In *Vanguard*, a would-be robber fired a shot at a liquor store clerk, striking him in the eye. In a subsequent suit by the store clerk against the robber's insurer, the insurance company defended under an exclusion identical to the one presented here. The trial court found that the robber had no intention to harm the store clerk but merely shot to frighten him. Based upon this factual finding, the court held:

"If he did not intend the resulting harm, it certainly was not expected 'from the standpoint of the insured.' Since the exclusionary clause did not clearly express an intention to exclude liability for unintentional or unexpected injury resulting from a deliberate act of the insured, we decline to hold that the mere doing of an intentional act by the insured relieved the insurer of liability." 18 Ariz.App. at 489, 503 P.2d at 965.

Approximately two years later, the same court in *Clark* construed an insurance policy which excluded from coverage "bodily injury or injury to or destruction of property caused feloniously or intentionally by or at the direction of an Insured." This exclusion operated on a factual milieu of the insured intentionally striking the putative plaintiff in the face with his fist. The insured maintained he had *no* subjective intent to injure. The court held:

"The contention of young Clark [insured] that he did not intend to injure Niemi does not make the question of intention an issue of material fact which must go to the trier of fact." 22 Ariz. App. at 602, 529 P.2d at 1196.

In upholding a summary judgment for the insurer, the court distinguished *Vanguard* on the basis that the robber in *Vanguard* never intended to shoot the store

1. The dichotomy presented by this type of exclusion has also been extensively litigated in other states. See Annot. 2 A.L.R.3d 1238 (1965).

clerk, while in *Clark* there was a clear intent to punch the victim. It is important to note that the court did not attempt to make a distinction based upon the wording of the two policies involved.

 The Colorado Court of Appeals in *Butler B. Behaeghe,* 37 Colo.App. 282, 548 P.2d 934 (1976) attempted to reconcile the apparently unreconcilable differences between *Clark* and *Vanguard* by stating:

"Thus, the rule implicit in both these decisions may be stated as follows: Where coverage is excluded if bodily injury is 'intended or expected' by the insured, such exclusion is inapplicable if and only if the insured acts without any intent or any expectation of causing any injury, however slight. And conversely, such exclusion is applicable if the insured acts with the intent or expectation that bodily injury will result even though the bodily injury that does result is different either in character or magnitude from the injury that was intended." 37 Colo.App. at 287, 548 P.2d at 938.

The *Butler* court went on to hold in construing an exclusionary clause identical to the National American policy involved here, that:

"since Behaeghe [insured] was found to have intentionally struck the plaintiff, he must be deemed to have intended the ordinary consequences of his voluntary actions." 37 Colo.App. at 287–288, 548 P.2d at 939.

The Colorado Court of Appeals upheld the decision finding in favor of the insurer.

In our opinion the Colorado court properly reconciled, if reconciliation is possible, these two opinions. While we might not have reached the same conclusion as that reached in *Vanguard,* we need not further analyze that decision.

 The exclusion here is unambiguous. By its language it excludes from coverage the intentional acts of the insured which result in injury. It follows that if the injury results from the natural and probable consequences of the intentional act, the subjective intent of the actor is simply immaterial—the exclusion applies. *See Rankin v. Farmers Elevator Mutual Insurance Co.,* 393 F.2d 718 (10th Cir. 1968); *Hartford Fire Insurance Co. v. Wagner,* 207 N.W.2d 354 (Minn.1973).

 Here, the trial court properly limited the jury's consideration to whether Currie's act in striking Steinmetz was intentional, as compared to involuntary or accidental, etc.

As stated in *Clark:*

"The act of striking another in the face is one which we recognize as an act so certain to cause a particular kind of harm that we can say a person who performed the act intended the resulting harm, and his statement to the contrary does nothing to refute that rule of law." 22 Ariz. App. at 602, 529 P.2d at 1196.

Judgment affirmed.

OGG and HAIRE, JJ., concurring.