694 P.2d 263

**TRANSAMERICA INSURANCE GROUP, Plaintiff-Appellee,**

v.

**Lynne Edward MEERE and Carol Meere, husband and wife, Defendants-Appellants.**

**No. 1 CA–CIV 6013.**

Court of Appeals of Arizona, Division 1, Department D.

June 16, 1983.

McGroder, Pearlstein, Peppler & Tryon, P.C. by Lynn M. Pearlstein and Brent E. Corwin, Phoenix, for defendants-appellants.

Lewis & Roca by D.W. Grainger, Paul G. Ulrich, Brian Goodwin, and Suzanne P. Clarke, Phoenix, for plaintiff-appellee.

## OPINION

HAIRE, Presiding Judge.

Appellants Lynne Edward Meere and Carol Meere appeal from summary judgment in which the trial court found that a homeowner's liability insurance policy issued by Transamerica Insurance Group (Transamerica) did not provide liability coverage or require the insurance company to defend the Meeres in an action brought for injuries inflicted by Lynne Meere on a third party.

On appeal from summary judgment the evidence must be viewed in a light most favorable to the parties opposing the motion. *E.g., Portonova v. Wilkinson,* 128 Ariz. 501, 502, 627 P.2d 232, 233 (1981); *Gulf Insurance Co. v. Grisham,* 126 Ariz. 123, 124, 613 P.2d 283, 284 (1980). Viewed in this manner, the record reflects the following events giving rise to this litigation.

In March 1980, Lynne Meere became involved in a fist fight with Dennis Pruitt. Pruitt knocked Meere down; Meere got up, put his hands in front of his face, and attempted to stop the fight. Pruitt took another swing at Meere and hit him on the left side of the face. Pruitt then took a fighting stance and swung several more times at Meere. Meere deflected or blocked those swings and hit Pruitt in the face with his right hand, knocking Pruitt against a pillar. As Pruitt started to go down, Meere kicked him. As Pruitt attempted to get up, Meere kicked him again and knocked him down again. Meere stated that he struck Pruitt in self-defense and that he did not intend to injure Pruitt. However, he admitted that he struck Pruitt intentionally. Pruitt lost part of the use of one of his eyes as a result of the fight. Pruitt then filed an action against Meere to recover for injuries suffered as a result of the fight.

At the time of the fight, Meere had a homeowner's insurance policy with Transamerica. The policy contained the following exclusion:

· "Personal liability coverage does not apply to bodily injury, personal injury, or property damage, (A) which is expected or intended by the insured ...."

Transamerica brought an action in Maricopa County Superior Court seeking a declaratory judgment that its insurance policy did not provide coverage for Meere for any claim made by Pruitt. The trial court granted Transamerica's motion for summary judgment and this appeal followed.

On appeal, Meere argues that the policy exclusion is not applicable because he did not intend to injure Pruitt. We find that our previous decision in *Steinmetz v. National American Insurance Co.*, 121 Ariz. 268, 589 P.2d 911 (App.1978) is dispositive of this issue. The *Steinmetz* court specifically addressed the question of whether a similar exclusion [1] applied to intended acts or only to intended injuries. It concluded that the exclusion applies "if the insured acts with the intent or expectation that bodily injury will result even though the bodily injury that does result is different either in character or magnitude from the injury that was intended." 121 Ariz. at 271, 589 P.2d at 914 (quoting *Butler v. Behaeghe*, 37 Colo.App. 282, 287, 548 P.2d 934, 938 (1976)).

■ Meere admitted that he intentionally struck Pruitt; Pruitt's injuries flowed from these intentional acts. Meere's statements that he did not intend to seriously injure Pruitt or cause the loss of his eyesight, though relevant to his subjective intent or motive, are immaterial to determine whether the exclusion applies. *See Steinmetz, supra.* We therefore find that the bodily injury to Pruitt was "intended" by Meere within the meaning of the policy exclusion.

■ Meere also argues that the blows inflicted upon Pruitt were inflicted in self-defense and therefore were not "intended" within the meaning of the policy exclusion. This issue was addressed by Division 2 of this court in *Lockhart v. Allstate Insurance Co.*, 119 Ariz. 150, 579 P.2d 1120 (App.1978).[2] In that case, the court found that the issue of self-defense, though presenting an issue of motive or justification for an intentional act, was immaterial in determining whether the exclusion for intended acts applied.

We note that Department A of this court has recently held that an act committed in self-defense is not an intentional act excluded from liability coverage. *See Fire Insurance Exchange v. Berray*, 143 Ariz. 429, 694 P.2d 259 (App.1983).[3] Nevertheless, we agree with the dissent in *Berray* that such an exception ignores the plain language of the policy excluding coverage for injury resulting from intentional acts of the insured, regardless of motive.

The Arizona Supreme Court has recognized the precedential value of a decision by one division of the Court of Appeals for the other division. "Absent a decision by the Arizona Supreme Court compelling a contrary result, a decision by one division of the Court of Appeals is persuasive with the other division." *Scappaticci v. Southwest Savings & Loan Association*, 135 Ariz. 456, 662 P.2d 131, 136 (1983). The court in *Scappaticci* also quoted with approval from *Castillo v. Industrial Commission*, 21 Ariz.App. 465, 520 P.2d 1142 (1974), which recognized the persuasive authority of prior decisions of coordinate courts unless those decisions are based on clearly erroneous principles.

"[T]he principle of *stare decisis* and the need for stability in the law in order to

---

**1.** The policy in *Steinmetz* provided that it would not apply:
"to bodily injury or property damage which is either expected or intended from the standpoint of the insured."
121 Ariz. at 269, 589 P.2d at 912.

**2.** The policy in *Lockhart* provided that liability coverage would not apply:

"to bodily injury or property damage which is either expected or intended from the standpoint of the Insured."
119 Ariz. at 151, 579 P.2d at 1121.

**3.** The policy in *Berray* provided that it would not cover loss from "[t]he result of intentional acts of an insured." 143 Ariz. at 430, 694 P.2d at 260.

have an efficient and effective functioning of our judicial machinery dictate that we consider decisions of coordinate courts as highly persuasive and binding, unless we are convinced that the prior decisions are based upon clearly erroneous principles, or conditions have changed so as to render these prior decisions inapplicable."

*Scappaticci, supra* (quoting *Castillo, supra,* 21 Ariz.App. at 471, 520 P.2d at 1148).

We proceed to discuss *Berray* in light of these principles.

The majority in *Berray* found that the insured had intentionally fired a gun thus injuring a third party, but then held that the term "intentional acts" within the liability insurance policy exclusion was ambiguous. The *Berray* majority then construed the exclusion to be inapplicable to claims of self-defense.

In reaching this conclusion, the *Berray* majority relied upon an apparent ambiguity in the policy exclusion without recognizing the findings in *Lockhart* and *Steinmetz* that similar language was unambiguous. In short, the *Berray* majority failed to accord to the decisions in *Lockhart* and *Steinmetz* the "persuasive authority" authorized by the Arizona Supreme Court in *Scappaticci.*

Furthermore, the *Lockhart* court expressly rejected the California authority relied upon by the *Berray* majority and the dissent in this case. As noted by the *Lockhart* court, the California cases indicate that an exclusion requires an element of wrongfulness or misconduct. This requirement stems from a particular provision of the California Insurance Code. As the court in *Mullen v. Glens Falls Insurance Co.,* 73 Cal.App.3d 163, 171, 140 Cal.Rptr. 605, 610 (1977) stated:

"Thus, when a comprehensive personal liability policy excludes from its coverage injuries and damages that are either 'intended' or 'excepted,' [sic] ('expected,') the policy is construed merely to exclude from coverage injuries and damages resulting from acts involving an element of wrongfulness or misconduct, even

though the acts otherwise are performed intentionally."

Consequently, because self-defense may not be wrongful, the policy exclusion may not apply. Arizona has no such statutorily provided rationale for excluding injuries resulting from acts committed in self-defense from the scope of "expected" or "intended."

The *Berray* majority also cited *Brasseaux v. Girouard,* 269 So.2d 590 (La.App. 1972) as authority for the proposition that the policy exclusion is ambiguous. On rehearing however, that court found no ambiguity and determined that the exclusion for injury "caused intentionally" applied to relieve the insurer from liability for the acts of the insured committed in self-defense.

■ We therefore find that *Berray* is based on clearly erroneous principles and decline to follow it. As the *Lockhart* and *Steinmetz* courts noted, the language of the policy exclusion is plain and unambiguous. When the meaning and intent of the insurance policy is clear, it is not the court's prerogative to create ambiguities or re-write the policy in an attempt to avoid harsh results. *E.g., Rodemich v. State Farm Mutual Automobile Insurance Co.,* 130 Ariz. 538, 539, 637 P.2d 748, 749 (App. 1981); *Harbor Insurance Co. v. United Services Automobile Association,* 114 Ariz. 58, 61, 559 P.2d 178, 181 (App.1976).

Meere intentionally struck Pruitt. Because these acts were "intended" within the meaning of the Transamerica policy exclusion, the policy does not provide coverage for any claim made by Pruitt against Meere.

The judgment of the trial court is affirmed.

EUBANK, J., concurs.

MEYERSON, Judge, dissenting:

The majority opinion ignores the primary authority relied upon by the court in *Berray* and in so doing ignores the "involuntary" nature of acts committed in self-defense.

It is now settled that injuries resulting from acts committed by an insured in

self-defense are not 'intended' or 'expected' within the meaning of those terms as customarily used in an exclusionary clause like the one involved in the present case.

*Allstate Insurance Co. v. Novak,* 210 Neb. 184, 192, 313 N.W.2d 636, 640 (1981) (quoting *Mullen v. Glens Falls Insurance Co.,* 73 Cal.App.3d 163, 170, 140 Cal.Rptr. 605, 609 (1977)).

Although Meere may have intended to strike Pruitt, his conduct was not intentional within the meaning of the exclusionary clause of the policy, if, by virtue of the circumstances, he had no choice but to act in self-defense. Because one's actions in self-defense lack the same element of volition as might be found in "intentional" conduct, such actions ought to fall outside the ambit of an exclusion clause such as is present here.

Because it reasonably appears from the record that Meere acted in self-defense, I would hold that the insured had a duty to provide Meere with a legal defense in this matter. I would reverse the judgment entered below. If it is ultimately determined that Meere did not act in self-defense, then, of course, there is no coverage. Indeed, that is the clear import of *Berray*.