An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JENS ROBERT MORRISON,
Appellant,
vs.
FIRE INSURANCE EXCHANGE,
Respondent.

No. 61339



FILED

JUL 24 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in an insurance matter. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant contends that the district court erred in finding that the intentional-act exclusion in respondent's insurance policy precluded coverage for his injuries and that summary judgment was therefore improper.[1] We affirm.

This court reviews de novo whether the district court properly granted summary judgment. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Likewise, interpretation of an insurance policy is a question of law that we review de novo. *Farmers Ins. Exch. v. Neal*, 119 Nev. 62, 64, 64 P.3d 472, 473 (2003).

---

[1]Appellant also contends that the district court erred in denying his NRCP 56(f) request to conduct additional discovery. Given appellant's failure to develop this issue, we decline to consider it. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that this court need not consider an issue when a party fails to provide cogent argument supported by salient authority).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21755

Here, it cannot reasonably be disputed that the policyholder intended to inflict an injury on appellant when he punched appellant in the face.[2] *See Walker v. Economy Preferred Ins. Co.*, 909 S.W.2d 343, 345 (Ky. Ct. App. 1995) (recognizing the "inherent contradiction in claiming than an intentional punch in the face was not meant to cause injury"); *Woida v. N. Star Mut. Ins. Co.*, 306 N.W.2d 570, 573 (Minn. 1981) ("The intent [to injure] may be established . . . when the character of an act is such that an intention to inflict injury can be inferred as a matter of law."); *Jones v. Norval*, 279 N.W.2d 388, 391 (Neb. 1979) (refusing to find a question of fact regarding an assailant's intent to injure because doing so would "simply ignore[ ] reality").

Thus, the policyholder's conduct fits squarely within the language of the insurance policy's intentional-act exclusion, which unambiguously states: "We do not cover bodily injury . . . which . . . is . . . caused intentionally by . . . an insured." The fact that the policyholder may not have intended to cause the full extent of appellant's injuries is irrelevant. *See Butler v. Behaeghe*, 548 P.2d 934, 939 (Colo. App. 1976) ("[S]ince some injury was intended, it is immaterial that the particular

---

[2]We reject appellant's contention that the policyholder's deposition testimony was sufficient to create a question of fact regarding his intent to cause bodily injury. *See Wood*, 121 Nev. at 732, 121 P.3d at 1031 (indicating that a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the operative facts" (quotation omitted)); *Clark v. Allstate Ins. Co.*, 529 P.2d 1195, 1196 (Ariz. Ct. App. 1975) ("[T]he act of striking another in the face is one which we recognize as an act so certain to cause a particular kind of harm that we can say a person who performed the act intended the resulting harm, and his statement to the contrary does nothing to refute that rule of law.").

injury that resulted was not specifically intended."); *Hartford Fire Ins. Co. v. Spreen*, 343 So. 2d 649, 651 (Fla. Dist. Ct. App. 1977) ("The fact that [the insured] did not foresee the extent of [the victim's] injuries when he swung at [the victim] . . . is irrelevant . . . . The sole issue is whether [the insured] intended to inflict any harm on [the victim]."); *Jones*, 279 N.W.2d at 392 ("[I]t makes no difference if the actual injury is more severe or of a different nature than the injury intended."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Brent T. Adams, District Judge
Nicholas F. Frey, Settlement Judge
Piscevich & Fenner
Horvitz & Levy LLP
Feldman Graf
Washoe District Court Clerk

---

[3]We deny respondent's motion to strike portions of appellant's reply brief, as appellant's reply brief was responding to an argument raised by respondent in its answering brief. NRAP 30(b)(5).