Morris WILLIS, Judy Willis, Greg Willis, Mary Willis, individually and as Administratrix of the Estate of William G. Edwards, Deceased, Appellants,

v.

HAMILTON MUTUAL INSURANCE COMPANY, Donna McNay Smothers, Bruce Smothers, Appellees.

Court of Appeals of Kentucky.

Feb. 13, 1981.*

Discretionary Review Denied April 28, 1981.

George H. Logan, Louisville, for appellants.

J. D. Raine, Jr., Louisville, for appellees.

Before GANT, GUDGEL and REYNOLDS, JJ.

* This case was originally designated "Not to be Published." On March 6, 1981 the Supreme Court ordered it published.

REYNOLDS, Judge.

Appellants instituted this civil action for personal injuries arising from assault and battery committed by appellees (defendants below), Donna McNay Smothers and Bruce Smothers. A jury returned a verdict in favor of appellants, and Jefferson Circuit Court entered judgment against appellees, both jointly and severally. This Court, on appeal, affirmed the judgment of the circuit court. Appellants thereafter amended their complaint and joined as a defendant Hamilton Mutual Insurance Company since there was in effect at the time of the assault and battery a homeowner's insurance policy insuring Donna McNay Smothers for personal liability. The insurance carrier, an appellee herein, pled as a defense an exclusion which provides that the policy does not apply "to bodily injury or property damage which is either expected or intended from the standpoint of the insured." Jefferson Circuit Court entered summary judgment for appellee, Hamilton Mutual Insurance Company, and it is from this latter judgment that the appellants pursue this appeal.

■ The first of appellants' issues has been correctly conceded by the appellee which gives an injured party, appellants herein, standing to sue a tort feasor's insurance carrier and to maintain an action to collect a judgment in their favor against the named insured tort feasor.

Appellants also maintain that the insurance policy exclusion does not bar appellants' claim and that the insurer is bound by the testimony of its insured in the assault and battery action. We do not agree.

■ The insurance contract in issue is one between the Hamilton Mutual Insurance Company and Donna McNay Smothers for the benefit of third parties, and while appellants had a right to sue on the policy, the rule is that one who sues on a contract made for his benefit must accept the contract as it was made. Appellants stand in the place of the insured, Donna McNay Smothers, and have no greater right than she would enjoy. *Sun Indemnity Co. v.*

*Dulaney,* 264 Ky. 112, 89 S.W.2d 307 (1935). The exclusionary provision of the policy which we refer to as the "intentional act" is of fairly recent origin. The case of *Pachuki v. Republic Insurance Company,* 89 Wis.2d 703, 278 N.W.2d 898 (1979), fairly summarizes a trio of rules construing this exclusion:

(1) The minority view follows the classic tort doctrine of looking to the natural and probable consequences of the insured's act;

(2) The majority view is that the insured must have intended the act and to cause some kind of bodily injury;

(3) A third view is that the insured must have had the specific intent to cause the type of injury suffered.

The majority rule advances three tests, i. e.:

(1) It is necessary that the insured intend both the act as well as intending to cause bodily injury in order for the exclusion to apply.

(2) Intent may be actual or inferred by the nature of the act and the accompanying reasonable foreseeability of harm.

(3) Once it is found that harm was intended, it is immaterial that the actual harm caused is of a different character or magnitude than that intended.

■ We have given notice and made examination of the jury instructions of the trial court and the judgment entered thereon in light of the proof in the record of Morris Willis et al. v. Bruce Smothers and Donna McNay Smothers, and hold that the jury was required, before finding under the instruction, that they believed that Donna McNay Smothers aided, abetted, advised or encouraged Bruce Smothers to assault and beat the appellants. We determine that the insurer is neither limited nor bound by its insured's testimony since the issue was fully litigated in the assault and battery action and may assert the result of that litigation versus the injured parties and the insured. Appellants, by their brief, acknowledged that the facts before the jury showed that Donna McNay Smothers was a participant. Applying the test of *Pachuki, supra,* the

exclusionary clause is applicable in this case. Also, *see State Farm and Casualty Co. v. Saurazas,* Fla.App., 334 So.2d 180 (1976); and *Northwestern National Casualty Co. v. Phalen,* Mont., 597 P.2d 720 (1979).

The Jefferson Circuit Court correctly entered summary judgment, and we affirm.

All concur.