AKER, Justice.
This is a child custody case in which Movant, James Bradley Carnes (Carnes), appeals the decision of the Court of Appeals which reversed the Bullitt Circuit Court’s judgment granting a modification of a joint custody decree between Carnes and Respondent, Lori Carnes (Humfleet), and awarding Carnes sole custody of their two infant children. We reverse.
On September 3, 1982 a decree of dissolution of marriage between Carnes and Humfleet was entered granting them “joint custody” of their two children. At that time the trial court permitted the children to live with Humfleet. However, Humfleet soon began experiencing extensive difficulties in maintaining a home for the children. At her request, and with her continuing permission and consent, the children resided with Carnes between August, 1982 and January, 1983, at which time he sought to modify the decree to grant him sole custody.
Pursuant to KRS 403.340(2)(b) the trial court granted sole custody to Carnes based on its finding that the children had become to a greater degree integrated into the Carnes family unit with the consent and permission of Humfleet. The Court of Appeals reversed the judgment as clearly erroneous. CR 52.01. The court determined that contrary to the trial court’s findings, the record demonstrated that Humfleet never consented to having the children fully integrated into Carnes family. We have thoroughly examined the record and have concluded that it fails to demonstrate that the findings of the trial court are clearly erroneous or that he abused his discretion in awarding sole custody of the children to Carnes. '⅜
The original joint custody decree between Carnes and Humfleet granted JJum-fleet the actual physical custody of ^ihe children for the greater part of the timefv with the children to live with her, and granted Carnes the right to have the children with him at reasonable times and for reasonable periods of time. In actuality, the “joint custody” decree granted custody of the children to Humfleet and visitation rights to Carnes.
Humfleet soon encountered extreme difficulties in maintaining a home for the children and asked Carnes if he would come and get them. The children resided continuously with Carnes from that day until January 1983.
Humfleet concedes that during this six-month period she could not act as a responsible mother for the children. She voluntarily relinquished her custody of the children to Carnes until she remarried and felt comfortable again with the idea of having the children live with her.
However, within this six-month period, other relationships besides the one between Humfleet and her new husband developed; particularly the one between the children and the Carnes family. Carnes, his parents and his brother live in close proximity with each other. They are a closely-knit family and each member had participated in the *209 upbringing of the children within the six months of Humfleet’s virtual absence.
During this time, the children became very emotionally attached to their grandparents as well as to their uncle and aunt. They also became close playmates with Carnes’ nephews. We have no question in regard to. the propriety of the trial court’s finding that the children had been integrated into the Carnes family unit under KRS 403.340(2)(b). However, Humfleet contends that while she may have consented to the childrens’ residence with Carnes, she did not voluntarily agree to allow her children to be integrated into the Carnes family unit.
We are of the opinion that Humfleet’s voluntary and consensual transfer of custody of the children to Carnes for a six-month period was all that was necessary to establish the consent required under KRS 403.340(2)(b). Our interpretation of the consent requirement of KRS 403.340 is that it only applies to the consensual transfer of physical possession, and not to the integration of the child. Integration is often times but a natural consequence of this transfer. The trial court need only determine whether the child has been consensually transferred and whether integration b s in fact occurred.
Our review of the record in this case has led us to the conclusion that both elements were satisfied and that the trial court did not abuse its discretion in awarding custody to Carnes.
The Court of Appeals is reversed and the judgment of the Bullitt Circuit Court is affirmed.
All concur.