## AMERICAN FAMILY LIFE ASSURANCE CO., Plaintiff–Appellant,

v.

## Donna BILYEU, Administratrix of the Estate of Kenneth Alan Lakofka, Deceased; Donna Bilyeu, Individually, Defendants–Appellees.

Nos. 90–5230, 90–5298.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 14, 1990.

Decided Dec. 19, 1990.

---

David F. Broderick (argued), Elizabeth Y. Downing, Cole, Broderick, Minton, Moore & Thornton, Bowling Green, Ky., for plaintiff-appellant.

Steven D. Downey (argued), Hixson, Downey & Travelsted, Bowling Green, Ky., for defendants-appellees.

Before KRUPANSKY, GUY and SUHRHEINRICH, Circuit Judges.

PER CURIAM.

Plaintiff, American Family Life Assurance Company (American Life), appeals from a grant of summary judgment in favor of the defendant, Donna Bilyeu, the beneficiary of her son's insurance policy.

On February 4, 1988, defendant's son, Kenneth Lakofka, purchased an accidental death insurance policy from American Life in the amount of $250,000. On March 28, 1988, Lakofka was killed instantly when a car he was driving struck a tree. Subsequent investigation revealed that Lakofka had a blood alcohol level of .20 and was traveling at an estimated speed of 55–60 miles per hour in a 35 miles per hour zone. After Lakofka's death, his mother submitted a claim to American Life. American Life refused to pay the benefits, relying on two exclusions in the policy. The policy language in question is as follows:

### ACCIDENT POLICY

**(This is an Accident only policy, it does pay benefits due to sickness)**

The first sentence of the accident policy reads:

**IMPORTANT: This is a limited policy. pays benefits for accidental death, injury and dismemberment only. Read it carefully with the Outline of Coverage.**

Pertinent portions of relevant definitions read:

**Part 4B Accidental Death** ... death ... resulting directly, independently and exclusively of all other causes, by accident.... See Part 6—LIMITATIONS AND EXCLUSIONS for death ... not covered by this policy.

. . . .

**Part 6—Limitations and Exclusions:** We will not pay benefits for death ... which is caused by or occurs as a result of your:

. . . .

F. Being under the influence of illegal drugs;

G. Intentionally self-inflicted wounds; committing or attempting to commit suicide whether sane or insane, or sustaining any wounds during the commission of a crime.

American Life sought a declaratory judgment in the district court to determine the rights of the parties under the insurance contract. After a brief period of discovery, both parties filed motions for summary judgment. The district court granted defendant's motion and, in addition, granted

prejudgment interest. The plaintiff filed an appeal. The district court then entered a judgment in favor of the defendant for post-judgment interest, in addition to pre-judgment interest. Plaintiff filed another appeal. The two appeals were consolidated in this action. We find plaintiff's arguments without merit and affirm the district court's grant of summary judgment.

## I.

■ Plaintiff argues that there is a genuine issue of material fact concerning whether Lakofka's death was "accidental" within the meaning of the policy. Plaintiff contends that Lakofka's death may have been intentional or self-inflicted and, thus, may be excluded from coverage. The district court concluded, however, as a matter of Kentucky law, that Lakofka's death was accidental.

In *Fryman v. Pilot Life Insurance Co.*, 704 S.W.2d 205 (Ky.1986), the Kentucky Supreme Court confronted a factual scenario nearly identical to the one before us. In *Fryman*, an insurance company brought an action to determine whether a decedent's beneficiary was entitled to receive benefits under a double indemnity provision in a life insurance policy. The provision was applicable only when death was caused by "external, violent, or accidental means." *Id.* at 205. The insured was killed in a motorcycle accident. At the time of the accident, he had a blood alcohol level of .20 and was exceeding the speed limit. The *Fryman* court held that "unless otherwise excluded by the terms of the life insurance policy, a death is accidental absent a showing that the death was a result of plan, design or intent on the part of the decedent." *Id.* at 206.

American Life did not present evidence sufficient to demonstrate that Lakofka's death was other than accidental. Essentially, American Life argues that Lakofka could have foreseen his car accident as a probable result of his intoxication. The Kentucky Supreme Court, however, specifically rejected the applicability of tort-like principles, such as fault and foreseeability, to insurance contract law. *Id.* We agree

with the district court and conclude that *Fryman* applies to the case before us.

## II.

■ Plaintiff also argues that the district court erred when it granted summary judgment for the defendant because, at the time of Lakofka's death, Lakofka was violating a Kentucky law which prohibits driving while under the influence of alcohol. As such, American Life would not have to pay life insurance benefits due to a provision excluding coverage for injuries or deaths that occurred "during the commission of a crime."

The district court stated that "[a]lthough drunk driving appears to be a crime in Kentucky[,] the insurance policy itself must be examined for ambiguous language." The district court concluded that the contractual language regarding the commission of a crime was ambiguous. Under Kentucky law, any ambiguity is construed in favor of the insured and coverage is determined by the reasonable expectations of the insured. *Simon v. Continental Ins. Co.*, 724 S.W.2d 210, 212 (Ky.1987). The district court found ambiguity in the term "crime." It stated that "[r]eading that term in an insurance policy, the insured is more likely to understand it to mean[,] for example[,] burglary, armed robbery, or murder than for it to mean drunk driving." Thus, Lakofka would not have thought that accidents that occurred while under the influence of alcohol were excluded from coverage as a result of this provision. We find the district court's analysis persuasive.

In addition, the district court stated that American Life could have inserted a provision that explicitly excluded drunk driving from accidental coverage and thus relieved its obligation to pay life insurance benefits. American Life had such a provision to deny coverage in the event that an insured was under the influence of illegal drugs. Thus, an explicit provision excluding alcohol-related accidents would have been an obvious option if American Life did not wish to provide coverage for such accidents.

**90**

We agree with the district court's determination that the exclusionary provision related to crimes is sufficiently ambiguous with relation to the offense of drunk driving when viewed within the context of the entire policy. It may not serve as a basis for the denial of coverage under the facts presented here.

**AFFIRMED.**