John A. THOMPSON, Appellant,

v.

WEST AMERICAN INSURANCE COMPANY, Appellee.

No. 91–CA–002467–MR.

Court of Appeals of Kentucky.

Oct. 30, 1992.

Eugene L. Mosley, Anthony L. Schnell, Louisville, for appellant.

John R. Martin, Jr., Courtney Tigue Baxter, Louisville, for appellee.

Before EMBERTON, HOWERTON and JOHNSON, JJ.

EMBERTON, Judge.

The appellant, John A. Thompson, appeals from an order granting appellee, West American Insurance Company, a summary judgment. The issue presented is whether West American has a duty to defend or indemnify Thompson in an underlying civil action filed against him for his alleged acts of sexual molestation. We hold it does not have such a duty, and therefore affirm.

Joseph Shane Meyer and Eric Lewis Sachse filed an action in the Jefferson Circuit Court against Thompson alleging assault and battery, intentional infliction of emotional distress, negligence, and entitlement to punitive damages arising from allegations that Thompson molested them. Meyer alleges that in the fall of 1981 and spring of 1982 Thompson repeatedly performed unlawful sexual acts on him at Thompson's residence in Jefferson County and in the fall of 1982 at Thompson's cabin in Russell County. Sachse makes similar allegations against Thompson.

Under the homeowner's policy of insurance, issued to him by West American, Thompson requested the company to defend the claims and to indemnify him against damages which might be awarded the claimants. West American brought this action against Thompson for a declaration of rights, and subsequently moved for summary judgment. The trial court sustained West American's motion finding that it has no duty to indemnify or defend Thompson in the action.

As it relates to personal liability Thompson's homeowner policy provides:

If a claim is made or suit is brought against an insured for damages to cover bodily injury or property damage caused by an occurrence to which this coverage applies, we (the insured) will:
1. Pay up to our limit of liability for damages for which the insured is legally liable; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent.... Our duty to settle or defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

The policy defines an "occurrence" as "an accident, including exposure to conditions, which results, during the policy period, in bodily injury or property damage."

According to the policy terms, only an occurrence which is equated with an accident is covered under the policy. Therefore, unless sexual misconduct constitutes an "occurrence," as so defined, West American has no duty to defend or indemnify Thompson.

The policy does not define the term accident; in *Fryman v. Pilot Life Insurance Company*, Ky., 704 S.W.2d 205 (1986), however, the court said that an accident must be interpreted according to the usage of the average person.

An accident is generally understood as an unfortunate consequence which befalls an actor through his inattention, carelessness or perhaps for no explicable reason at all. The result is not a product of *desire* and is perforce accidental. Conversely, a consequence which is a result of a plan, design or intent, is commonly understood as not accidental. (emphasis ours)

*Id.* at 206. Our Supreme Court has pronounced that "occurrence" is to be given broad and liberal construction in favor of extending coverage. If the injury was not actually and subjectively intended, the coverage is provided even though the action giving rise to the injury itself was intentional and the injury foreseeable. *Brown Foundation, Inc. v. St. Paul Fire & Marine Insurance Company*, Ky., 814 S.W.2d 273 (1991).

There are no Kentucky cases which deal directly with the issue of whether sexual misconduct is an occurrence for purposes of insurance coverage under a homeowner's insurance policy. However, even under the broad meaning of occurrence ex-

pressed in *Brown Foundation, supra,* it is inconceivable that a criminal act of sexual molestation, the essence of which is the gratification of sexual desire, could possibly be an "occurrence" for purposes of insurance coverage.

Thompson points out that under *Brown Foundation, supra,* even though the act giving rise to the injury was intentional and the injury foreseeable, the insured must have actually intended the resulting injury. *Id.* at 278–279. Thus, he argues that West American is required to demonstrate that any injuries to Meyer and Sachse were actually and subjectively intended or expected by Thompson.

We believe that sexual molestation is so inherently injurious, or substantially certain to result in some injury, that the intent to injure, or the expectation that injury will result, can be inferred as a matter of law. In *Brown Foundation, supra,* the court recognized that such inferences must necessarily be made by the courts because of the nature and circumstance of the particular fact situation:

> Certainly the circuit judge is not absolutely prohibited from inferring on summary judgment that an insured intended or expected damage regardless of whether the objective or subjective test is used. In some cases, it is almost irrelevant whether an objective or subjective test is applied because of the circumstances.

*Id.* at 277. The emotional and psychological harm caused by sexual molestation is so well recognized, and so repugnant to public policy and to our sense of decency, that to give merit to a claim that no harm was intended to result from the act would be utterly absurd. *Horace Mann Insurance Company v. Leeber,* 180 W.Va. 375, 376 S.E.2d 581 (1988).

In a final attempt to save this case from the defeat of summary judgment, Thompson points out that the complaint alleges negligence, thus, West American has a duty to defend and indemnify on that claim. The allegations of the complaint cannot compel a defense if coverage does not exist. The obligation to defend arises out of the insurance contract, not from the allegations of the complaint against the insured. *Cincinnati Ins. Co. v. Vance,* Ky., 730 S.W.2d 521 (1987). Here, the acts alleged against Thompson are that he sexually molested Sachse and Meyer. The intentional act of sexual molestation is the equivalent of an intent to harm. "There is no such thing as negligent or reckless sexual molestation." *J.C. Penny Casualty Ins. Co. v. M.K.,* 52 Cal.3d 1009, 278 Cal. Rptr. 64, 804 P.2d 689 (Cal.1991).

The insurer has a duty to defend only if there is an allegation which potentially, possibly, or might come within the coverage of the policy. *Brown Foundation, supra,* at 279. Since no such possibility exists, even if Meyer's and Sachse's allegations are accepted as true, there is no duty of West American to defend or indemnify Thompson. Because we hold there is not coverage under the insurance contract for Thompson's alleged acts of sexual molestation, we need not discuss the application of the "intentional loss" exception of the insurance contract. However, our holding that sexual molestation is an intentional act and the harm resulting therefrom is likewise intended, would be applicable to any such inquiry.

Based on the foregoing, the trial court's award of summary judgment in favor of West American is affirmed.

All concur.