Gregory FOSTER; Reginald
Cline, Appellants,

v.

GENERAL MOTORS CORPORATION,
Appellee.

No. 93–3279EA.

United States Court of Appeals,
Eighth Circuit.

Submitted March 18, 1994.

Decided March 23, 1994.

Sheila F. Campbell, Little Rock, AR, for appellants.

Robert L. Henry, III and Shayne D. Smith, Little Rock, AR, for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

Gregory Foster and Reginald Cline brought this product liability action against General Motors Corporation (GMC), claiming they were injured in an accident caused by a design defect in the gearshift of Foster's

Chevrolet automobile. Foster and Cline appeal the jury's verdict for GMC, contending the district court erroneously admitted two versions of the police accident report. We disagree and affirm.

 At trial, GMC offered the original police report prepared by the investigating officer. The officer was experienced in motor vehicle accident investigations, he conducted a neutral investigation shortly after the accident occurred, and he prepared his report the next day. This report was clearly admissible under the hearsay exception for public records. Fed.R.Evid. 803(8); *Simmons v. Chicago & N.W. Transp. Co.*, 993 F.2d 1326, 1327–28 (8th Cir.1993).

GMC also offered a copy of the police report (the second report) that its investigator received from Foster and Cline's attorney. The second report was a copy of the original report with alterations in a different handwriting blaming the accident on the automobile's gearshift. Foster testified the investigating officer gave him the second report and he delivered the report to his attorney. Contrary to Foster and Cline's argument that the second report lacked the trustworthiness needed for admission under the public records hearsay exception, the second report was not hearsay because GMC did not offer the report to prove its truth. *See* Fed. R.Evid. 801(c). Instead, GMC offered the second report, and the investigating officer's testimony denying that he made the alterations, to impeach Foster's direct testimony that he did not alter the report before giving it to his attorney.

Foster and Cline also argue the second report was extrinsic evidence barred for impeachment purposes by Federal Rule of Evidence 608(b). We disagree. Rule 608(b) does not apply to extrinsic evidence that is offered to impeach a witness's testimony on a material issue. *See Boutros v. Canton Regional Transit Auth.*, 997 F.2d 198, 205 (6th Cir.1993). Thus, the district court properly admitted the second report because the report was relevant to GMC's defense that Foster and Cline manufactured their claim that a defective gearshift caused the accident.

Finally, we reject Foster and Cline's argument that the second report should have been excluded under Federal Rule of Evidence 403. Admission of the second report did not unfairly prejudice Foster and Cline after Foster testified he did not alter the report.

Accordingly, we affirm.