Floyd **WALKER**, Appellant,

v.

**ECONOMY PREFERRED INSURANCE COMPANY; Margaret Nunley; and Brandon Mattingly, an infant child, Appellees.**

No. 94–CA–2146–MR.

Court of Appeals of Kentucky.

Nov. 10, 1995.

---

William Miles Arvin, Nicholasville, for Appellant.

Lionel A. Hawse, T. Kevin Flanery, Woodward, Hobson & Fulton, Lexington, for Appellee, Economy Preferred Insurance Company.

Before EMBERTON, JOHNSON and ·KAREM, JJ.

KAREM, Judge.

Floyd Walker, the plaintiff below, appeals the Jessamine Circuit Court's summary judgment dismissal of Economy Preferred Insurance Company. For the reasons explained below, we affirm.

On February 3, 1992, Floyd Walker was driving home from school. In a car behind him were Brandon Mattingly, the driver, and Deatrice Gray, a passenger. The car Mattingly was driving was owned by his grandmother, who is insured by Economy Preferred. Mattingly also lived with his grandmother, making him an "insured" under the definitions of the policy. Walker stopped his car for an unloading school bus. At that time, Gray approached Walker's car, asked him if he knew a Jimmy Hall, and told Walker to tell Hall that "Lex–Town was going to get him." Gray then spit in Walker's face and returned to Mattingly's vehicle. Mattingly continued to follow Walker until he stopped at a stop sign. Mattingly got out of his car, approached Walker, gave him the same message, and punched Walker in the face. Walker was wearing sunglasses, which broke and cut the cornea of his eye, allegedly causing severe and permanent damage.

Floyd Walker brought suit in Jessamine Circuit Court naming as defendants Brandon Mattingly; Mattingly's grandmother, Margaret Nunley; and her insurance carrier, Economy Preferred. The trial court granted Economy Preferred's motion for summary judgment on the grounds that it was not obligated to provide coverage under the terms of the policy. Under "Coverage E— Personal Liability," the policy provides liability insurance "for damages because of bodily injury or property damage caused by an occurrence." However, the exclusions section states:

> Coverage E—Personal Liability and Coverage F—Medical Payments to others do not apply to bodily injury or property damage:
>
> a. which is expected, anticipated, foreseeable or intended by the insured[.]

Appellant Walker claims that, although Mattingly did intend to hit him, the testimony is uncontradicted that he did not intend to injure him, and that under the principles espoused in *James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Insurance Co.*, Ky., 814 S.W.2d 273 (1991), it was premature for the trial court to extinguish Economy Preferred's obligation to provide coverage. In the *Brown Foundation* case, the Federal Environmental Protection Agency ordered an environmental cleanup of contamination resulting from chemical leaks that occurred at wood preserving treatment plants owned by the Foundation. The Foundation sought to recover the cleanup costs from one of their insurance companies, St. Paul. That policy covered property damage caused by an "occurrence," which was defined as " '[a]n accident ... neither expected nor intended from the standpoint of the insured.' " *Id.* at 275. Our Supreme Court held that for purposes of a coverage exclu-

sion based upon expected or intended events, the crucial question was not whether the insured intended the act, but rather, whether the insured intended the resulting injury. Thus, appellant argues that although Mattingly intended the act of hitting Walker, a jury question remains as to whether Mattingly intended to injure him, precluding summary judgment.

Appellee Economy Preferred relies on our decision in *Thompson v. West American Insurance Company,* Ky.App., 839 S.W.2d 579 (1992), and several cases from other jurisdictions to support his position that the circumstances in the instant case compel the conclusion that Mattingly intended to injure Walker as a matter of law. In *Thompson,* two plaintiffs sued Thompson for alleged sexual molestation. The question before the court was whether Thompson's insurance company, West American, had a duty to defend or indemnify. To answer this question, we had to decide whether the alleged acts of sexual molestation constituted an "occurrence" under the terms of the policy. The West American policy issued to Thompson defined occurrence as an accident. We held in *Thompson* that acts of sexual molestation could not be an "occurrence" for purposes of insurance coverage, stating:

> We believe that sexual molestation is so inherently injurious, or substantially certain to result in some injury, that the intent to injure, or the expectation that injury will result, can be inferred as a matter of law. In *Brown Foundation, supra,* the court recognized that such inferences must necessarily be made by the courts because of the nature and circumstance of the particular fact situation:
>
> > Certainly the circuit judge is not absolutely prohibited from inferring on summary judgment that an insured intended or expected damage regardless of whether the objective or subjective test is used. In some cases, it is almost irrelevant whether an objective or subjective test is applied because of the circumstances.

*Id.* at 581 (quoting *Brown Foundation,* 814 S.W.2d at 277). This language in *Brown Foundation* recognizes that a trial judge

may, in some circumstances, conclude as a matter of law that the party intending the act also intended the resulting damage. *Id.* Furthermore, this remains true, regardless of whether the objective or subjective test is used. *Id.* We believe that this case presents one of those exceptions alluded to in *Brown Foundation,* and that the "inherently injurious" act of punching someone in the face supports the trial judge's inference as a matter of law that Mattingly intended to injure Walker.

In arriving at our holding we are persuaded by authorities in other jurisdictions that squarely address the issue of whether one who punches another in the face intends to injure. In *Clark v. Allstate Insurance Company,* 22 Ariz.App. 601, 529 P.2d 1195 (1975), the Arizona Court of Appeals addressed the propriety of a summary judgment granted to Allstate when the insured punched the plaintiff in the face. In upholding the summary judgment, the court stated:

> The contention of young Clark that he did not intend to injure Niemi does not make the question of intention an issue of material fact which must go to the trier of fact. Perhaps if Clark maintained that striking Niemi was an accident, and that the blow itself was unintentional, summary judgment would be improper due to the dispute over a material fact. *However, the act of striking another in the face is one which we recognize as an act so certain to cause a particular kind of harm that we can say a person who performed the act intended the resulting harm, and his statement to the contrary does nothing to refute that rule of law.*
>
> *The fact that a state of mind is involved does not make summary judgment inappropriate.*

*Id.* 529 P.2d at 1196 (emphasis added); *see also Steinmetz v. National American Insurance Company,* 121 Ariz. 268, 589 P.2d 911 (Ct.App.1978).

The Supreme Court of Nebraska also has acknowledged the inherent contradiction in claiming that an intentional punch in the face was not meant to cause injury:

> In the case at bar the evidence established that the defendant Norval intention-

ally hit the plaintiff in the face with his fist.... To hold that under such circumstances the testimony of the insured, that he did not intend to injure the plaintiff, is sufficient to permit the fact finder to find that no harm to the injured party was intended, simply ignores reality. Any reasonable analysis requires the conclusion that from the very nature of the act harm must have been intended.

*Jones v. Norval,* 203 Neb. 549, 279 N.W.2d 388, 391–92 (1979). *Jones* also noted that a specific subjective intent was not required to apply the exclusion:

Although Norval may not have intended the specific injury which resulted, such specific subjective intent is not required to exclude coverage under the policy. The "intent" which is necessary to exclude coverage is not the intent to act nor the intent to cause the specific injury. Instead it is the intent to cause bodily injury to the person acted upon and it makes no difference if the actual injury is more severe or of a different nature than the injury intended.

*Id.*

Economy Preferred argues that the injection of the word "foreseeable" in its exclusion removes coverage because injury to Walker was at least foreseeable, even if not "intended" or "expected." Walker responds that to adopt such a construction would impermissibly insert an objective test where *Brown Foundation* dictates a subjective one. We need not concern ourselves with which test is appropriate. The insertion of "foreseeable" in the policy exclusion is immaterial in this case. It is sufficient to say that in punching Walker, Mattingly "intended," or at the very least "expected," to cause injury regardless of which test is applied. *See Hartford Fire Insurance Company v. Spreen,* 343 So.2d 649, 651 (Fla.Ct.App.1977).

The appellant cites authority from other jurisdictions to support his argument that a strike or blow does not automatically demonstrate intent as a matter of law. He cites *Farmers Insurance Exchange v. Sipple,* 255 N.W.2d 373 (Minn.1977), wherein the defendant's insured struck the plaintiff. The court

upheld the trial court's submission to the jury of whether the plaintiff intended to hit the defendant. However, the opinion makes clear that this case involved a question of self defense and the defendant's insured testified that he did not intend to hit the plaintiff. The Supreme Court of Minnesota noted that the defendant's insured struck the plaintiff instinctively, and there was no time to form an intent. *Id.* at 377. In the present case, Mattingly admitted his intention to punch Walker. Mattingly exited his car, approached Walker's, made a remark, punched him, and returned to his car. The Minnesota case is not on point. Nor do we find *Montgomery v. Hawkeye Security Insurance Company,* 52 Mich.App. 457, 217 N.W.2d 449 (1974) in line with the facts herein.

We find value in the words of the Indiana court which colorfully articulates the failure of the appellant's argument:

A defendant may assert the rock was accidentally released or was not aimed at the victim, but he will not be heard to say he intended to throw the rock softly.

*Home Insurance Company v. Neilsen,* 165 Ind.App. 445, 332 N.E.2d 240 (1975). Mattingly will not be heard to say he intended to throw the punch softly, and the trial court was not in error for failing to find a genuine issue of material fact as to that question.

We do not contravene the distinction in *Brown Foundation* between an intended act and intended injury. *Brown Foundation* contained testimony regarding numerous "accidental" spills, and the plant managers' testimony as to intent and expectations created a genuine issue of material fact. *Id.* at 278. Rather, we believe this case to present those "circumstances" mentioned in *Brown Foundation* that justify an inference of intent as a matter of law. *Brown Foundation,* 814 S.W.2d at 277.

While we sympathize with the plight of Mr. Walker, we cannot say that Economy Preferred contracted to provide coverage in instances like the one at bar. We must give the policy its plain meaning and are con-

strained from enlarging the risks contrary to the natural and obvious meaning of the insurance contract. *Pierce v. West American Insurance Company,* Ky.App., 655 S.W.2d 34, 36 (1983); *Weaver v. National Fidelity Insurance Company,* Ky., 377 S.W.2d 73, 75 (1963). The exclusion was validly applied and the judgment of the trial court is affirmed.

All concur.