MEIERHENRY, Justice
(concurring in result).
[¶ 29.] I concur in result. I would decide this case under SDCL 19-16-12(3) (Rule 803(8)). SDCL 19-16-12(3) (Rule 803(8)) provides in part:
Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth:
[[Image here]]
(3) In civil actions and proceedings and against the state in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, are not excluded by § 19-16-4, even though the de- ■ clarant is available as a witness, unless the sources of information or other circumstances indicate lack of trustworthiness.
This rule allows public office or agency reports to be admitted in civil cases as an exception to the hearsay rule. See supra ¶ 12 (citing Robeson, 285 Md. at 502, 403 A.2d at 1223 for the proposition that hearsay evidence may be admissible for a reason not relied on by the circuit court or raised by the parties).
[¶ 30.] Other jurisdictions have used a similar rule in admitting information from police reports in civil cases. See Gaddy v. Hartford Life Ins. Co., 218 F.Supp.2d 1123, 1126 (E.D.Mo.2002). See also Foster v. Gen. Motors Corp., 20 F.3d 838, 839 (8th Cir.1994). Although Koens’s report contains hearsay, the relevant portion of Koens’s report would have been admissible under SDCL 19-16-12(3) (Rule 803(8))’s exception because: (1) The report was from a public office, i.e. the Grant County Sheriffs Office, and Koens was acting within his authority as a Deputy Sheriff; (2) The report sets “forth ... factual findings resulting from an investigation made pursuant to authority granted by law”; (3) The report was offered in a civil action; and, (4) “[T]he source of information or other circumstances [did not] indicate [a] lack of trustworthiness.”
[¶ 31.] Once Koens’s report met the requirements of SDCL 19-16-12(3) (Rule 803(8)), its contents could then be viewed for admissibility under the rules of evidence without reference to how the parties presented the issue. Supra ¶¶ 12, 20. Having concluded that Koens’s report met the requirements of SDCL 19-16-12(3) (Rule 803(8)), I agree with Justice Zinter’s analysis that defendants’ statements within the report were admissible as non-hearsay admissions by party opponents under SDCL 19-16-3 (Rule 801(d)(2)).
[¶ 32.] SEVERSON, Justice, joins this special writing.